

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KIRKPATRICK, JR., | No. C 11-1395 JSW (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| MICHAEL MARTEL, et al., | |
| Defendants. | |

## INTRODUCTION

Plaintiff has filed this pro se civil rights complaint under 42 U.S.C. § 1983. His application to proceed *in forma pauperis* is granted in a separate order. This Court now reviews the complaint pursuant to 28 U.S.C. § 1915A, and dismisses it without prejudice for failure to exhaust.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement



of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## LEGAL CLAIMS

Section 1997e of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

Although nonexhaustion under Section 1997e(a) is an affirmative defense, a prisoner's concession to nonexhaustion is a valid ground for dismissal. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner concedes that he did not exhaust administrative remedies. *Ibid.*

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by

those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Plaintiff states in his complaint that he only filed an administrative appeal regarding his claims at the first formal levels, and that he did not appeal his claims to the higher level of appeal available to him. (Pet. at 1-2.) Plaintiff states that "there was no need" to appeal to the higher levels because "it was obvious the psyc dept was mocking/harassing me!" (*Id.* at 2.) Even if true, this does not excuse his obligation to exhaust all available administrative remedies, including the second and third formal levels of review provided by the California prisons. Moreover, by raising his concerns at the higher levels of administrative review available to him he will bring his predicament to the attention of prison officials, including those of greater authority, which may well remedy the alleged problems he is experiencing in his prison and provide him redress more rapidly than a federal lawsuit. As Plaintiff has not presented grounds for excusing the exhaustion requirement, and he has clearly pleaded that he has not exhausted his available administrative remedies, his complaint must be dismissed.

//

//

## CONCLUSION

This case is DISMISSED without prejudice to filing a new case after Plaintiff has exhausted his available administrative remedies.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: MAY 0 3 2011

JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

WILLIAM KIRKPATRICK et al,

    Plaintiff,

v.

MICHAEL MARTEL et al,

    Defendant.

Case Number: CV11-01395 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

William Kirkpatrick
C91406
San Quentin State Prison
San Quentin, CA 94964

Dated: May 3, 2011

*Jennifer Ottolini*
Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk